William M. Tebo, Respondent, v. Henry G. Jordan and Others, Appellants.

*A vessel not commanded by competent officers is unseaworthy — unlicensed pilot not necessarily incompetent — burden of proof — excuse for accident*

A vessel not commanded by competent officers is unseaworthy, but it is not as a matter of law unseaworthy because it is navigated by an unlicensed pilot, even though it is required by statute that the vessel should have a licensed pilot in command.

The fact that a vessel is not under the charge of a licensed pilot casts the burden upon the owners thereof to show that at the time of the accident it was in the command of a competent master or pilot.

What evidence is sufficient to justify a jury in finding that an unlicensed pilot in command of a tug was competent.

Running a vessel upon a well-known obstruction or shore can only be excused by some peril of the sea which rendered the accident unavoidable with the exercise of skill and good judgment.

APPEAL by the defendants, Henry G. Jordan and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 24th day of May, 1893, upon the verdict of a jury after a trial at the New York Circuit, and also from an order entered in said New York county clerk's office on the 23d day of May, 1893, denying the defendants' motion for a new trial made upon the minutes.

*J. A. Shoudy,* for the appellants.

*W. W. Goodrich,* for the respondent.

FOLLETT, J.:

This action was brought to recover the contract price for the services of the steam tug *B. T. Haviland,* rendered between October 26, 1888, and January 8, 1889. The defense interposed is that the tug was unseaworthy, and that, by the negligence of its officers and pilot, the defendants' vessels, which the tug had in tow, were greatly injured.

All of the questions involved in this appeal, except two, were disposed of when the case was before this court on the last appeal. (67 Hun, 392.)

It is now urged that the tug was unseaworthy because, at the time of the strandings by which the defendants' barges were injured, the pilot in charge had not been licensed by the inspectors of steamboats.

Section 4401 of the Revised Statutes of the United States provides : "Every coastwise, seagoing steam vessel subject to the navigation laws of the United States, and to the rules and regulations aforesaid, not sailing under register, shall, when under way, except on the high seas, be under the control and direction of pilots licensed by the inspectors of steamboats."

It was admitted that the *Haviland* was an enrolled vessel and not sailing under a register.

Section 4427 of the Revised Statutes provides that "The officers

navigating such vessels (tugs) shall be licensed in conformity with the provisions of this Title, and shall be subject to the same provisions of law as officers navigating passenger steamers."

The strandings of which the defendants complain did not occur upon the high seas, but within waters which were in the jurisdiction of the State of Massachusetts. It was conceded that, at the time of the accident, the tug was not in charge of a licensed pilot, and the court was asked to hold, as a question of law, that this was a breach of the contract and a defense to the action. The court refused so to hold, and submitted the question to the jury whether the pilot in command was or was not competent, in a charge to which, in this respect, no exception was taken. The jury found this issue for the plaintiff, and, as we think, upon sufficient evidence. The *Haviland*, at the time of the accident, was piloted by William H. Barnard, who testified: "I am fifty-nine years old; seafaring life has been my occupation; I am a pilot; I pretend to be; never was questioned before; have been a pilot ever since I have been master, 36 years; I have been master of a sailing vessel 36 years; I never held a license from the United States or any other authorities as a pilot; I have had a license as master; I have had over 40 years' experience in a running over the voyage from New York or Newport News to Boston; I have been over it hundreds of times; I have been coastwise 20 years steady from Cape Henry the whole length of the coast; at the time of this charter party I was familiar with the route from Newport News to Boston; that was the first time I ever towed barges; in all these voyages I acted always as pilot, and never had it questioned before; I know the route and the lighthouse; am acquainted with the tides and the set of the tides, with Stone Horse ledge and Handkerchief light and Monomoy light and Shovelful light; am also familiar with the course of the channel and of the lights and tides in entering Boston harbor; have been traveling over this route for twenty or thirty years."

No evidence was offered tending to show that the pilot was incompetent, except the fact that an accident occurred.

Under this charter party the law implies a warranty that the tug was seaworthy, and a vessel not commanded by competent officers is unseaworthy. (*Tebo* v. *Jordan*, 67 Hun, 392, and cases there cited.) But a vessel is not, as a matter of law, unseaworthy because

it is navigated by an unlicensed pilot, provided he is competent, even though a statute requires that the vessel should have a licensed pilot in command. (*Flanigen* v. *Washington Ins. Co.*, 7 Barr, 306; 1 Par. Mar. Ins. 385; 1 Par. Mar. Law, 143.) The question is not unlike those arising under statutes or municipal ordinances prescribing the rate of speed beyond which trains shall not be run.

In the case of an accident the fact that the train exceeded the prescribed rate of speed is not proof but evidence of negligence, which may be rebutted, and, in this case, the absence of a licensed pilot cast the burden on the plaintiff of showing that the vessel, when it was stranded, was in command of a competent master or pilot.

The defendants' counsel requested the court to charge: "10. That the fact of running upon a well-known shore is of itself presumptive evidence of negligence." The court declined to adopt the language of the request and the defendants excepted, and thereupon asked the court to charge: "11. That running upon a well-known obstruction or shore can only be excused by some peril of the sea which rendered the accident unavoidable, with the exercise of skill and good judgment." This the court charged. The rule of evidence applicable to the case was correctly expressed by the eleventh request, and no error was committed in refusing to charge the tenth request.

The judgment and order should be affirmed, with costs.

Van Brunt, P. J., and Parker, J., concurred.

Judgment and order affirmed, with costs.